[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14295
Non-Argument Calendar

_____

D. C. Docket No. 05-00179-CV-4

RODRIGUEZ SPEAR,

Petitioner-Appellant,

versus

WARDEN TONY HOWERTON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 21, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Rodriguez Spear, a Georgia state prisoner proceeding pro se, appeals the

dismissal of his federal habeas petition filed pursuant to 28 U.S.C. § 2254. We

granted a certificate of appealability ("COA") on the following issue:

> Whether the district court erred in concluding that appellant's
> following ineffective-assistance-of-counsel claims were procedurally
> defaulted because he did not raise them in state court:
> (a)  counsel pursued an insanity defense against his wishes;
> (b)  counsel failed to present witnesses on his behalf;
> (c)  counsel failed to provide him with an adequate defense;
> (d)  counsel failed to present evidence on his behalf; and
> (e)  counsel failed to object to the admission of similar transaction
> evidence

The district court found these claims to be procedurally defaulted based on

Spear's purported failure to raise them in state court. However, as Spear correctly

argues, and the state concedes, Spear did adequately raise these claims in state

court, and the district court is therefore in error. Because the district court erred in

finding that Spear procedurally defaulted the five ineffective-assistance-of-counsel

claims specified in the COA, we vacate the decision of the district court as to these

claims and remand the § 2254 petition for further consideration.[1]

**VACATED AND REMANDED.**

---

[1] We do not address the merits of these claims because the district court has not yet had
an opportunity to do so first and because a merits analysis is outside the scope of the COA.